## ENGLEMANN v. AUDERER

(March 18, 1929.  Opinion and Decree.)

A. R. Martinez, of New Orleans, attorney for plaintiff, appellee.

J. H. Weiner, of New Orleans, attorney for defendant, appellant.

JANVIER, J.  Auderer employed Englemann as real estate agent to sell a certain piece of property belonging to him. The contract provided that Englemann should have a fixed time within which to sell the property, but that if within three months after the termination of his contract, it was sold to a purchaser with whom, during the existence of the contract, Englemann had been negotiating, the commission stipulated for in the contract would be paid to Englemann.

Within three months after the expiration of the contract the property was sold by Auderer to Vic. A. Anseman.  The evidence shows conclusively that during the existence of the contract Englemann had been negotiating with Anseman, in the hope of selling Anseman the property.

These negotiations had not been extensive, but there can be no doubt that Anseman was anxious to buy the property while it was listed with Englemann and that during that time, he had had conversation with Englemann about it.  Mr. Anseman testified as follows:

By Mr. Martinez:

"Q.  Is it not a fact that you made an offer of $7,500.00 to Mr. Engleman?
"A.  I think over telephone I made an offer of $7,500.00 and that was the end of it.
"Q.  You only had one telephone conversation?
"A.  Yes, one, may be two, but my negotions with Mr. Englemann were very limited."

It is quite evident from the testimony that Englemann had little, if anything to do with the actual sale to Anseman, and that for this reason the enforcement of the contract works a hardship on Auderer, but the mere fact that a contract works a hardship upon one of the parties does not authorize us to set it aside.

As the trial judge said in his reasons for judgment:

"Contracts not prohibited by law, entered into meaningly, constitute the law between the parties—the law made by themselves and they are as much bound by their private laws as they are by the laws passed by Congress of the United States or the Legislature of the State of Louisiana.

"I know of no prohibition against the making of such a contract as the one sued on in this case. The parties were capable of consenting, did consent and the object of the contract being lawful, it is a perfectly good private law between the parties, and, however unwise, or, however foolish a man may be to enter into such a contract, the Courts do not sit to relieve men of the results of their folly, but sit to enforce private as well as public laws."

It was argued that the contract in question was made in accordance with the rules of the Multiple Listing System and that the rules of that system were, therefore written into the contract and formed a part of it.

This is true, but we do not see that the obligation voluntarily assumed by defendant is affected thereby. The rules of the Multiple Listing System simply provide for a listing agent and a selling agent and for a division of the commission between the two. That is to say, that an owner lists his property with a listing agent. If a selling agent produces the purchaser, the commission is divided between the agent with whom it was listed and the agent who produced the purchaser. In this case, however, the owner listed his property with two selling agents, he had previously listed it with the plaintiff and while he was still under contract with plaintiff so far as Mr. Anseman was concerned, he listed it with another firm of real estate agents. Having done so he made himself liable for both commissions.

Under the contract which Auderer made with Englemann, it was stipulated that in the event suit should become necessary to collect the commission, Auderer would pay attorney's fees, which were in the contract fixed at 25% of the amount due. Suit has become necessary and the attorney's fees are therefore due by Auderer.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, at the cost of appellant.