HIPPLER v. ARGUS ET AL.

---

(March 2, 1931. Opinion and Decree.)
(March 23, 1931. Rehearing Refused.)

---

Arthur Landry, of New Orleans, attorney for plaintiff, appellee.

Weiss, Yarrut & Stich, of New Orleans, attorneys for defendants, appellants.

WESTERFIELD, J. This is a suit on a promissory note in the sum of $321 with interest and attorney's fees.

There was judgment below in favor of plaintiff as prayed for and defendants have appealed.

The defendants, Mrs. John J. Argus and Frank Argus, mother and son, signed a promissory note in favor of the plaintiff in the sum of $321. It is admitted that they received only $171 of this amount in cash, the balance, $150, is said to have been the amount of a fee which it was agreed would be paid to plaintiff for obtaining a homestead loan on certain property belonging to the defendant, Mrs. Argus. The defendants deny having made such an agreement and contend that the plaintiff was guilty of a violation of Act No. 7 of the extra session of 1928, known as the "Small Loan Act," in that the charge for the loan of $171 exceeded the sum of 3½ per cent per month, the maximum interest charge permitted in that act and that, therefore, plaintiff may not collect either the interest or principal, the penalty provided by the act referred to, for the exaction of usurious interest.

The record indicates that the plaintiff carried an advertisement in a local newspaper announcing that he made or negotiated first and second mortgage loans on real estate. Mrs. Argus saw the advertisement and called upon the plaintiff with a view of obtaining a second mortgage upon a piece of property owned by her upon which there was an existing first mortgage in the sum of approximately $4,000. She required the sum of $171 for the purpose of paying accumulated interest. After discussing the matter with the plaintiff Mrs. Argus was persuaded to apply for a homestead loan the proceeds of which to be used to retire the existing mortgage. The loan was subsequently obtained through the efforts of plaintiff and $171 advanced Mrs. Argus for the payment of the interest. In explanation of her signature to the note for $321 Mrs. Argus testified that she signed the note in blank believing that it would be filled out for the sum of $171 for which she expected to pay 8 per cent interest, and only learned of the fact that the note had been executed for the larger sum when she later called upon defendant for the purpose of paying the $171.

It is argued that the claim for $150 based upon services for securing the homestead loan was an afterthought, and that the process of applying for a loan of that character is exceedingly simple and did not require the plaintiff's services and we believe it must be conceded that the sum demanded is exorbitant in view of the services rendered. We are also of opinion that plaintiff's services were unnecessary since anyone might have applied for the loan with equal prospect of success, the determining factor being the value of the property and its appraisement by experts representing the homestead. Be that as it may, however, the question before us is not whether the services of plaintiff were worth $150 but whether Mrs. Argus agreed to pay him that amount.

We have given the case unusual consideration hoping to discover some proper means of relieving the defendant of the burden of this exorbitant charge but without success. If Mrs. Argus and her son are correct in their statement to the ef-

fect that she signed the note in blank because of her confidence in plaintiff she was guilty of extraordinary carelessness because she testified that she had never seen him before and could have no basis for her confidence, and we are powerless to relieve her from the effect of her carelessness.

"* * * if there is one thing more than another public policy requires, it is that men of full age, and competent understanding, shall have the utmost liberty of contracting, and that their contracts, when entered into freely and voluntarily shall be held sacred, and shall be enforced by Courts of Justice."
Sir George Jessel, Master of the Rolls, in Printing and Numerical Co. v. Simpson, 19 Equity Cases (English) 462.

In the case of Englemann v. Auderer, 10 La. App. 136, 121 So. 194, 195, this court said:

"* * * The parties were capable of consenting, did consent and the object of the contract being lawful, it is a perfectly good private law between the parties, and, however unwise, or however foolish a man may be to enter into such a contract, the courts do not sit to relieve men of the results of their folly, but sit to enforce private as well as public laws."

The trial court with its superior advantage for weighing the testimony upon the question of fact as to whether there had been an agreement to pay plaintiff the $150 decided that issue in the affirmative. Its opinion in this respect is the determining factor with us and fatal to plaintiff's cause. Under the circumstances Act No. 7 of 1928 has no application.

For the reasons assigned the judgment appealed from is affirmed.