MALONEY v. CENTRAL FINANCE CO., INC., ET AL.

(November 3, 1931.   Opinion and Decree.)
(November 16, 1931.   Rehearing Refused.)
(January 4, 1932.   Writs of Certiorari and Review Refused by Supreme Court.)

Paul W. Maloney, of New Orleans, attorney for plaintiff, appellant.

Lemle, Moreno & Lemle, of New Orleans, attorneys for defendant, plaintiff in reconvention and appellee.

WESTERFIELD, J. Plaintiff, Paul W. Maloney, brings this suit against the Louisiana Marmon Company, Inc., and the Central Finance Company, Inc., claiming substantially that on May 4, 1929, he purchased from the Marmon Company, a "Roosevelt Automobile" and that the Central Finance Company took over the agreement from the Marmon Company; that the price of the automobile was $1,280, of which amount $301 was paid in cash, and $125 by allowance of a credit for a Chevrolet automobile traded in, thus leaving a balance due of $854, which was secured by a chattel mortgage; that he paid $843.40 of this balance to the Central Finance Company "acting for and in behalf of the said Louisiana Marmon Company, Inc.," and of-

fered to pay the remaining $10.55 ($10.60), which was refused, the Central Finance Company, Inc., claiming $168.09 to be still due; that he signed the agreement to buy the automobile, chattel mortgage, and notes, in blank, the amounts being inserted thereafter in his absence. Plaintiff prayed for the annulment of the chattel mortgage which had been executed to secure the balance due on the purchase price and for judgment ordering the defendants to accept the sum of $10.55 in full payment of the balance due.

The Marmon Company was not cited. The Central Finance Company, Inc., answered admitting that plaintiff had paid $843.40 on the credit portion of the sale, but denied that it acted for the Marmon Company or that the Marmon Company acted for it in the transaction, and, assuming the character of plaintiff in reconvention, averred that it was the holder in due course of a promissory note executed by plaintiff in the sum of $1,012.14, payable in eighteen monthly installments of $56.23 each, bearing 8 per cent interest from maturity and payable to the Louisiana Marmon Company, Inc., and indorsed by that company to its order; that there is a balance due on said note amounting to $168.69, for which it asked judgment in reconvention.

There was judgment below in favor of plaintiff on the main demand, ordering the cancellation of the inscription of the act of chattel mortgage in the mortgage office, it having been shown upon the trial that the mortgage had been voluntarily canceled, and in all other respects dismissing plaintiff's demands, and further ordering that there be judgment in favor of the Central Finance Company, Inc., and against

the plaintiff, Paul W. Maloney, in the sum prayed for. Plaintiff has appealed.

There is no real dispute about the facts in the case. Plaintiff, desiring to purchase an automobile from the Marmon Company, agreed upon a price of $1,280, giving his check for $301 and trading in an old car for $125, thus leaving a balance of $854. He obtained a receipt in which it was stated that the unpaid balance of the purchase price was to be financed. The Marmon Company then brought the original of the agreement of sale which had been reduced to writing together with a note, both of which had been signed in blank by Mr. Maloney, to the Central Finance Company, Inc., presumably to obtain cash for the note. The finance company declined to accept the note which had been signed in blank, stating that it was against their policy to do so, and filled out another note for the sum of $1,012.14; the difference between the balance of $854 and the face of this note being represented by the interest and commission of the finance company. The note with the increased amount was then presented to Mr. Maloney, who signed it.

There is considerable controversy over whether the face of the note originally stated that it was to be paid in 15 or 18 installments and, as a matter of fact, it was recorded in the mortgage office as 15, though the face value of the note is correctly given. Since it is admitted that the amount of the monthly installments was $56.23, we do not consider it important to determine whether the note mentioned 15 or 18 as the number of installments, because it takes 18 payments of $56.23 to equal $1,012.14 and not 15.

Plaintiff strenuously denies that he had agreed to pay for the financing of his deferred payments, and seeks to prove that the finance company and the Marmon Company were practically the same, the one acting for the other when occasion arose, and that since the salesman of the Marmon Company priced the car to him at $1,280, the finance company must be bound by that figure and not $1,448.69, the amount which he would be compelled to pay if held liable for the finance charges. We find nothing in the record to indicate the agency of the Marmon Company for the finance company, or vice versa, and, if any mistake has occurred, we must attribute it to plaintiff's carelessness in signing a promissory note and chattel mortgage in blank, a practice calculated to result in misunderstanding and sometimes in financial disaster as would seem to be obvious to any one, particularly an attorney at law, which is plaintiff's profession. Hippler v. Argus, 16 La. App. 80, 133 So. 179.

Defendant being a holder in due course of the note sued on, even if it had been increased by the vendor of the automobile to an amount in excess of that agreed on, the note having been signed in blank, defendant's right to enforce it as written is absolute. Section 14 of Act No. 64 of 1904, the Negotiable Instruments Law.

Our conclusion is that the judgment appealed from is correct, and it is, therefore, affirmed.